


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

*6-5301*
*in so far as it conflicts*

Dear Sir:

Opinion No. O-4249
Re: Application of Chain Store
Tax to stores operated by
a natural gas company.

This is in answer to your request for an opinion dated November 25, 1941, in which you request answers to the following questions:

"Query One. Can a store in a town of less than 3,000 population which is now exempt from the chain store tax under Article 7060 as amended, and which is engaged in selling natural gas appliances as incidental to its utility business, dispose of appliances other than those using natural gas in those cases where such other appliances have been acquired through trade-ins on the new gas appliances?

"(a) Can it dispose of such trade-in appliances if they are:
"(1) Used electrical appliances;
"(2) Oil burners;
"(3) Coal burners;
"(4) Ice Box Refrigerators?

"Query Two. If it be held that the company 'store' in said towns of less than 3,000 cannot sell any of the above mentioned trade-in appliances without becoming subject to the tax under Article 1111d (P.C.), then for which tax would said 'store' or 'stores' be liable - the classification under Section 5 or the classification under Section 5a?

"Query Three. Suppose it be held that the company stores in such small towns would be liable for the chain store tax if they sold any or all of the above type

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

trade-in appliances, could they legitimately dispose
of such trade-in appliances by merely transferring
them to towns of more than 3,000 population where the
company is already paying the chain store tax on such
stores?

"Query Four. Assuming that this would be a
legitimate way of disposing of such trade-in applian-
ces, then would such stores in towns of more than
3,000 population which are already paying the chain
store tax under Section 5a of Article 1111d (P.C.) be
liable to pay a duplicate tax under Section 5 by rea-
son of its disposition of trade-in commodities which
are neither gas or electrical appliances but are ap-
pliances such as ice box refrigerators, oil, coal or
kerosene burners?"

The pertinent part of Article 7060 as amended, Acts 1941,
47th Legislature, House Bill No. 8, Article V, Section 1, reads as
follows:

"And provided further that utilities paying an
occupation tax under this Article shall not hereafter
be required to pay the license fee imposed in Article
5a, House Bill No. 18, Chapter 400, Acts of Forty-
fourth Legislature, for the privilege of selling gas
and electric appliances and parts for the repairs
thereof, in towns of three thousand (3,000) or less
in population according to the Next preceding Federal
Census."

Query One. Assuming that the store is located in a town
of less than 3,000 population, is exempt from the chain store tax
under Article 7060, as amended, and is engaged in the selling of
natural gas appliances, as incidental to its utility business, and,
accepts trade-in appliances as a part of the sale price of its
natural gas appliances, it is our opinion that such store is en-
titled to sell such trade-in appliances without subjecting itself
to the chain store tax.

The acceptance of such trade-in appliances, as part pay-
ment of the sale price of the new appliances, is a part of the
consideration for the sale and is only an incident of the business
of the seller. He is equally authorized to convert such trade-in

appliance into cash as he would be to sell for cash in the first
instance, so long and only so long as the acceptance and sale of
such trade-in appliances, is only <u>incidental</u> to his primary busi-
ness of furnishing natural gas and selling natural gas appliances.

Our Supreme Court has said:

"The same person or corporation may carry on
several different businesses, and, of course, may be
taxed in respect of each; but when the Legislature
has defined and taxed one business, it is not to be
assumed that it has intended to again tax the same
business under another name, nor is it to be assumed
that it has intended to tax, as a distinct business,
which is a mere incident of another business that
which has been defined and taxed as a whole." Texas
Co. vs. Stephens, 100 Tex. 628; 103 S. W. 481.

The facts outlined in your inquiry indicate that the
seller engages in the selling of the merchandise inquired about
only incidentally and occasionally for the purpose of converting
the sale price of his new merchandise into cash. Such selling
being incidental to his main business and he having already paid
an occupation tax for the privilege of conducting that business,
we are of the opinion and hold that he does not by such selling
of trade-in merchandise subject himself to the chain store tax.

In reaching this conclusion, we are not unmindful of
the decision in the case of Standard Oil Co. of Texas vs. State,
142 S. W. 519, in which writ of error was refused, wherein the
court held that even though defendant was engaged, primarily,
in storing, selling or distributing petroleum products and ser-
vicing of motor vehicles, in order to come within the exemption
of Section 5 it must be engaged <u>exclusively</u> in such business.
That case, however, presents a <u>vastly different</u> fact situation
from the matter here under discussion. There, the seller was
engaged in one type of business obviously within the exemption.
It was also engaged in another and entirely different business
not within the exemption. Here our seller is engaged in the
business of selling appliances and parts obviously within the
exemption provided in Article 7060. In making his sales he
sometimes takes trade-in merchandise not within the exemption.
He has the privilege of selling, for which privilege he has paid.

Honorable George H. Sheppard, Page 4

It follows that he has the privilege to collect the sale price - to reap the benefits of his sales. In order to do so he must convert his trade-in merchandise into cash. He can only do that by selling those trade-ins. He deals in such merchandise only as an incident to his business. We think such sales are authorized.

Having thus answered your first question, it becomes unnecessary to answer your other questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Fowler Roberts*

Fowler Roberts
Assistant

APPROVED FEB 4, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

FR:ej